```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
UNITED STATES OF AMERICA,         :
                                  :      09cr163 (DLC)
            -v-                   :
                                  :   MEMORANDUM OPINION
THOMAS M. KELLY,                  :        AND ORDER
                     Defendant.   :
                                  :
----------------------------------X
```

DENISE COTE, District Judge:

Thomas M. Kelly has moved to correct the record pursuant to Fed. R. Crim. P. 36. For the following reasons, the motion is denied.

## Background

Over a decade ago, Kelly pleaded guilty to one count of wire fraud pursuant to a plea agreement with the Government. Kelly was the Executive Director of the non-profit Community for Education Foundation ("CEF"). The Indictment charged him with fraudulently obtaining money for himself from CEF by diverting payments owed to CEF, among other things. In the plea agreement, Kelly agreed to make restitution in the amount of $50,571.

On December 4, 2009, the Court sentenced Kelly principally to 21 months' imprisonment. The Court orally imposed restitution, to be made to CEF, in the amount of $94,767. The

Judgment of Conviction ordered that same amount of restitution to be paid to CEF.

Kelly appealed his conviction, arguing that the Court should have warned him at his plea that he might have to pay more restitution than $50,571.  He sought to vacate the order of restitution or to allow him to withdraw his plea of guilty and proceed to trial.  The Court of Appeals affirmed the conviction on October 26, 2010.  It found no error in the plea allocution.  In rejecting the appeal, it found inter alia that three days before sentencing the Court had warned Kelly that it was considering imposing a higher amount of restitution and did not feel bound by the amount of restitution identified in the plea agreement.

In a motion filed pro se on April 27, 2023, Kelly seeks to amend the judgment of conviction to identify CEF's insurer Zurich as the proper recipient of restitution.  Kelly represents that this change would conform the judgment to the oral sentence pronounced on December 4, 2009.  In seeking this change, Kelly relies on the colloquy between the Court and the Assistant United States Attorney at the sentencing proceeding.

## Discussion

Rule 36 provides that, "[a]fter giving any notice it considers appropriate," a court may "at any time correct a

clerical error in a judgment" or "correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Second Circuit "view[s] 'clerical' errors as minor, uncontroversial errors, errors not of judgment or even of misidentification, but merely of recitation." United States v. Jacques, 6 F.4th 337, 341 (2d Cir. 2021) (citation omitted). Clerical errors include such mistakes as: listing the wrong statutory citation for the offense of which the defendant was convicted, the misspelling of the defendant's name, or reversing the statutory sections that were applicable to the counts of conviction. See id. Rule 36 "does not authorize the court to amend the oral sentence itself or to modify the written judgment to effectuate an intention that the court did not express in its oral sentence." United States v. Rosa, 957 F.3d 113, 117 n.1 (2d Cir. 2020) (citation omitted).

Kelly's motion is denied. He has not identified any clerical error in the judgment. Although Kelly contends that the judgment of conviction must be amended to conform to the Court's oral pronouncement of restitution at the sentencing proceeding, there is no inconsistency. At the proceeding and in the judgment, the Court identified CEF as the victim to whom restitution was owed and identified $94,767 as the amount of restitution. The reasons for arriving at this specific figure

of restitution were fully discussed with the parties before and during the sentencing proceeding.

Kelly seeks to have the judgment amended to identify CEF's insurer as the entity to which restitution is owed.  There are many reasons that that request must be denied.  This request is not made to correct a "clerical error."  There was no clerical error in identifying CEF as the victim to whom restitution was owed.

To the extent Kelly is seeking to challenge that portion of the judgment which required him to pay restitution to CEF on the ground that the restitution should have been made payable to the insurer, his time to do so was at the sentencing proceeding and at the latest on his direct appeal.  Having not made that argument in his appeal, it is waived.  See United States v. Vargas-Cordon, 733 F.3d 366, 384 n.11 (2d Cir. 2013).

## Conclusion

Kelly's April 27, 2023 Rule 36 motion is denied.  To the extent that this Order qualifies as "the final order in a proceeding under [28 U.S.C. § 2255]," 28 U.S.C. § 2253(c)(1)(B), the defendant has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir.

1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of Court shall mail Kelly a copy of this Order and note mailing on the docket.

Dated:   New York, New York
         August 23, 2023

                                             _____
                                                         DENISE COTE
                                              United States District Judge